**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-10-0000241**
**29-JUN-2011**
**03:09 PM**

NO. CAAP-10-0000241

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

LINCOLN RUTLEDGE, Plaintiff-Appellant, v.
STATE OF HAWAI'I, DEPARTMENT OF HEALTH, CLEAN AIR BRANCH,
NOISE AND RADIATION BRANCH, Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 10-1-1781)

ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION
(By: Nakamura, Chief Judge, Foley and Leonard, JJ.)

Upon review of the record, it appears that this court does not have jurisdiction over Plaintiff-Appellant Lincoln Rutledge's (Appellant Rutledge) appeal, because the circuit court, the Honorable Rhonda A. Nishimura presiding, has not yet entered an appealable final judgment, as Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) and Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2010) require for an appeal.

HRS § 641-1(a) authorizes appeals to the intermediate court of appeals only from final judgments, orders, or decrees.

Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." Based on HRCP Rule 58, the Supreme Court of Hawai'i holds "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). Consequently, "an order disposing of a circuit court case is appealable when the order is reduced to a separate judgment." Alford v. City and Count of Honolulu, 109 Hawai'i 14, 20, 122 P.3d 809, 815 (2005) (citation omitted; emphasis added). For example, the Supreme Court of Hawai'i has explained that, "[a]lthough RCCH [Rule] 12(q) [(regarding dismissal for want of prosecution)] does not mention the necessity of filing a separate document, HRCP [Rule] 58, as amended in 1990, expressly requires that 'every judgment be set forth on a separate document.'" Price v. Obayashi Hawaii Corporation, 81 Hawai'i 171, 176, 914 P.2d 1364, 1369 (1996) (emphasis added). "An appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." Jenkins, 76 Hawai'i at 120, 869 P.2d at 1339 (footnote omitted). On February 15, 2011, the record on appeal for appellate court case number CAAP-10-0000241 was filed, at which time the record on appeal did not contain a final judgment.

Absent an appealable separate judgment, Appellant Rutledge's appeal is premature, and we lack appellate jurisdiction over Appeal No. CAAP-10-0000241. Accordingly,

IT IS HEREBY ORDERED that this appeal is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, June 29, 2011.

Chief Judge

Associate Judge

Associate Judge